Shaw C. J.
delivered the opinion of the Court. We do not think it necessary to determine upon the evidence, whether the avoidance of the witness is to be attributed to the connivance of the prisoner or not; we are quite satisfied that it was done by the witness herself, and by the procurement of those acting as friends of the prisoner, and with a view to prevent a trial by withholding the evidence. If'under these circumstances the prisoner should be discharged, as he must be if put upon his trial without the necessary evidence, it would defeat the purposes of public justice, by a grossly fraudulent and wicked practice. It is urged, that it is a hardship upon the accused to remain in confinement till another term. It is true ; but it is a hardship which he suffers in common with ei. ery prisonei who has the misfortune to be arrested for a crime not bailable, who must remain in close prison till a trial can be regularly had. Here no fault or delay is imputable to the prosecuting officers.
It is also claimed as a right, in behalf of the prisoner, that he be tried or admitted to bail at the present term, under the provisions of the Habeas Corpus act. St. 1784, c. 72, § 13.
This statute provides, that when any person shall be held in prison under indictment, he shall be tried or bailed at the first *283 term next after his indictment, if he demands it, unless it shall appear to the court, that the witnesses on behalf of the government have either been enticed away, or are detained by some inevitable accident from attending.
The obvious purpose of this and the kindred provisions ot tne statute, is to secure personal liberty, and to prevent the abuse of the power of imprisoning before trial, on the part of the prosecuting officers. The right of trial or admission to bail, at the second term, does not exist, where the absence of the witnesses is occasioned by fraud, or inevitable accident, and where it is not imputable to negligence or sinister design on the part of the prosecution. This is such a case. To bring ' a case within the exception, it is not necessary to prove that the fraudulent and unlawful avoidance or enticement of a witness, was caused by the prisoner himself; it is sufficient to bring the case within the reason and the terms of the statute, to show that such avoidance is fraudulent, unlawful and collusive, and done or caused with a design to defeat the claims of justice, and facilitate the escape of the accused, by preventing a fair trial. By a further provision of the same statute, a prisoner has an unqualified right to be tried or bailed, at the second term after his indictment.
Let a writ of attachment issue against the witness, returnable at the next term of the Court; let the indictment be continued and the prisoner be remanded.
Note. We have understood that the witness was arrested in the course of the vacation and committed to prison and detained till the trial. At a special session held for this case in June following, the prisoner was brought to trial, when the witness wholly failed of proving any material fact, charged in the indictment, and the prisoner was acquitted without being put upon his defence.